**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

VALLEY VIEW AGRI, LLC                                                                                    PLAINTIFF

v.                                              No. 3:14CV00307 JLH

PRODUCERS COOPERATIVE OIL MILL                                                              DEFENDANT

**OPINION AND ORDER**

This is a breach of contract action brought in federal court because the parties are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. The threshold issue is whether the defendant, Producers Cooperative Oil Mill, is subject to personal jurisdiction of the courts in Arkansas. According to the complaint, Producers Coop is an Oklahoma corporation that manufactures cotton seed and canola seed products, including cotton seed oil and canola oil. Producers Coop currently processes its cotton seed and canola seed products at its oil mill facility in Oklahoma City, Oklahoma. In 2009, Producers Coop embarked on a project to sell its existing facility and move to a new location in order to expand its operations. It purchased a factory site in southwest Oklahoma City with the intention of moving its facility there.

Valley View Agri-Systems, Inc., a/k/a Valley View Agri, Inc., is (or was) an engineering company with its principal place of business in Jonesboro, Arkansas. Producers Coop entered into a contract with Valley View Agri-Systems for Valley View Agri-Systems to provide design and engineering services for the development and construction of the proposed new oil mill in southwest Oklahoma City. The contract included a provision stating that Valley View Agri-Systems agreed to provide all of the design and engineering services "for the actual costs incurred, not to exceed, under any condition whatsoever, the sum of Seven Hundred and Thirty-one Thousand One Hundred Dollars ($731,100.00)." Document #1-1 at 2. The contract further provided that no payment would

be due and owed by Producers Coop until Producers Coop had received all of the bids submitted for the construction of the project and had made its determination of which bidder it would retain to perform the construction. *Id.*

The complaint alleges that eight months after Valley View Agri-Systems began working on the project, Producers Coop requested that Valley View Agri-Systems make major changes to the scope of the work and design of the project. Valley View Agri-Systems informed Producers Coop that the changes would require the engineering and design expenses to exceed the limit of $731,100 provided in the contract. In reliance upon Producers Coop's representations that the project was moving forward, Valley View Agri-Systems continued to provide engineering and design services and did so in an amount in excess of the original amount stated in the contract.

In July 2010, Valley View Agri-Systems completed its engineering and design work for the project and provided Producers Coop with a bid packet that included 1,000 pages of electrical drawings, 300 pages of electrical layout drawings, 700 pages of drawings covering the structural and other components of the project, a complete set of mechanical specifications for the project, a 3D model of the project, and an estimated construction budget for the project. Producers Coop used the packet obtained from Valley View Agri-Systems to obtain the permits necessary to begin construction, but then abandoned the project.

Valley View Agri-Systems assigned all of its interest in the contract to Valley View Agri, LLC ("Valley View"), which sent an invoice to Producers Coop in the amount of $1,234,069 for the engineering and design services rendered by Valley View Agri-Systems. Producers Coop has failed and refused to make payment of the invoice. Valley View alleges that Producers Coop is liable for breach of contract and unjust enrichment.

Producers Coop has filed a motion to dismiss for lack of personal jurisdiction. That motion is supported by the affidavit of Austin Rose, President of Producers Coop. Rose's affidavit states, among other things, that Producers Coop is not registered to do business in the State of Arkansas; does not own any real property in Arkansas; does not maintain any office or place of business in Arkansas; does not have any employees who reside in Arkansas; and does not generally, continuously, and systematically conduct business in the State of Arkansas. Document #5-2 at 1. Rose's affidavit acknowledges that Producers Coop has a subsidiary named Producers Mid-South Company, which is located in Osceola, Arkansas, but states that Producers Mid-South Company did not participate in the transaction and was not a party to the contract. *Id*. at 2. According to Rose, Valley View Agri-Systems learned about the proposed project during a casual conversation at a trade show in Memphis, Tennessee, after which Valley View Agri-Systems' representative, Jeremy Penn, traveled to Oklahoma City and met with Producers Coop's representatives to make the proposal for engineering services. *Id*. Rose's affidavit also says that no Producers Coop representative ever traveled to Arkansas to discuss or further the project, but representatives of Valley View Agri-Systems came to Oklahoma City at various times to perform services pursuant to the contract. Producers Coop relies in part on a provision in the contract that states:

> The validity, interpretation, and enforcement of this Agreement shall be governed by the laws of the State of Oklahoma. The appropriate state or federal court within the State of Oklahoma shall have personal jurisdiction for any action arising out of the performance or breach of this Agreement.

Document #1-1 at 4. Based on these facts, Producers Coop argues that it is not subject to personal jurisdiction in Arkansas, that the parties agreed in their contract for any litigation to be conducted in Oklahoma, that venue is improper in this district, and that the most convenient forum is in Oklahoma City.

In response to the motion to dismiss, Valley View points to information on Producers Coop's website stating that Producers Coop purchased Osceola Products Company of Osceola, Arkansas, in 1999 and later created Producers Mid-South Company, a wholly-owned subsidiary of Producers Coop. The website also states that Producers Coop and Producers Mid-South Company serve gins in Oklahoma, Texas, Kansas, Arkansas, Missouri, and Tennessee. Document #8-1 at 1. Valley View also submits the affidavit of Jeremy Penn, currently its operations manager and formerly the operations manager for Valley View Agri-Systems. According to Penn, the parties negotiated the contract remotely, by telephone and email, from their respective headquarters. The vast majority of the work by Valley View Agri-Systems was performed in Jonesboro, Arkansas. Valley View Agri-Systems did little or no work on site in Oklahoma City. Much communication transpired between employees of the two parties. According to Penn, on many occasions, Phil Whitworth, Vice President of both Producers Coop and Producers Mid-South Company, along with other staff, have visited Producers Mid-South Company's facility in Osceola. Based on these facts, Valley View argues that Producers Coop is subject to personal jurisdiction in Arkansas; that the forum selection clause is permissive, not mandatory; that venue is proper in this district; and that this district is equal in convenience to Oklahoma City as a forum for this litigation. In the alternative, Valley View requests an opportunity to conduct discovery on the issue of whether Producers Coop is subject to personal jurisdiction in Arkansas.

As noted, the threshold issue is personal jurisdiction. Valley View bears the burden of making a prima facie showing of jurisdiction. *Epps v. Stewart Information Services Corp.*, 327 F.3d 642, 647 (8th Cir. 2003). "Personal jurisdiction in a diversity case exists only to the extent permitted by the long-arm statue of the forum state and by the Due Process Clause." *K-V Pharm. Co. v. J.*

*Uriach & CIA, S.A.*, 648 F.3d 588, 592 (8th Cir. 2011).  Arkansas' long-arm statute extends to the maximum allowed by the Due Process Clause.  Ark. Code Ann. § 16-4-101(B).

The Due Process Clause requires that minimum contacts exist between the nonresident defendant and the forum state before the court can exercise personal jurisdiction.  *Miller v. Nippon Carbon Co. Ltd.*, 528 F.3d 1087, 1090 (8th Cir. 2008).  The contacts between the defendant and the forum state are sufficient when the defendant's conduct in connection with the forum state are such that it should reasonably anticipate being haled into court there and when maintenance of the suit does not offend traditional notions of fair play and substantial justice.  *Id*.  A defendant can reasonably anticipate being haled into court in a forum state only if the defendant purposefully avails itself of the privilege of conducting activities within the forum state and thus invokes the benefits and protections of its laws.  *Id*. at 1091.  The Eighth Circuit has adopted a five-part test for measuring minimum contacts: (1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.  *Id*.  When assessing the third factor, the Court distinguishes between specific jurisdiction and general jurisdiction.  Specific jurisdiction refers to a cause of action that arises from or is related to the defendant's actions within the forum state, while general jurisdiction refers to the power of a state to adjudicate any cause of action involving a defendant regardless of where the cause of action arose.  *Id*.

At this point, Valley View has not submitted sufficient evidence to support personal jurisdiction, but neither has it relied merely on conclusory allegations in its complaint.  *Cf. Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1074 n.1 (8th Cir. 2004).  Among other things, Valley

View has pointed to a claim in Producers Coop's website that Producers Coop serves eight member mills in Arkansas.  Producers Coop has not responded to that point, at least not explicitly.  In its reply brief, Producers Coop seems to argue that Valley View relies solely on the fact that Producers Mid-South Company is a subsidiary of Producers Coop as a basis for contending that Producers Coop is subject to jurisdiction in Arkansas, but that is not Valley View's argument.  Valley View points to the fact that Producers Coop purchased a facility in Arkansas and created a subsidiary to do business out of that facility, but the argument goes further than that.  The company website, which is jointly maintained by Producers Coop and Producers Mid-South Company, says that Producers Coop and Producers Mid-South Company serve eight member gins in Arkansas; it does not state merely that Producers Mid-South Company does so.  Furthermore, Penn's affidavit states that officers and employees of Producers Coop frequently travel to Osceola for the purpose of conducting business of or with Producers Mid-South Company.  All of which raises the issue of whether Producers Coop has maintained the corporate veil in its relationship with Producers Mid-South Company.

Because the current record reflects that Valley View has offered documentary evidence, not merely speculation or conclusory allegations, about Producers Coop's contact with Arkansas, this Court cannot dismiss the action against Producers Coop without permitting Valley View to take some jurisdictional discovery to establish whether personal jurisdiction would be justified. *Steinbuch v. Cutler*, 518 F.3d 580, 589 (8th Cir. 2008).

For this reason, Producers Coop's motion to dismiss is denied without prejudice to the right of Producers Coop to renew the motion following discovery on the issue of personal jurisdiction. Document #5.  Valley View will be given a period of ninety days from the date of the entry of this

Order to conduct discovery tailored to the issue of whether Producers Coop is subject to personal jurisdiction in the State of Arkansas.[1]

      IT IS SO ORDERED this 26th day of February, 2015.

                                                    */s/ J. Leon Holmes*
                                               J. LEON HOLMES
                                             UNITED STATES DISTRICT JUDGE

---

[1] The issue of proper venue hinges on the resolution of the personal jurisdiction question. Section 1391(b) of Title 28 of the United States Code states that "if there is no district in which an action may otherwise be brought as provided in this section" venue is proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Therefore, if after discovery this Court determines it has personal jurisdiction over Producers then venue would be proper here. The Court will refrain from conducting a § 1404(a) analysis until completion of discovery if it is so appropriate at the time.